UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

YOLANDA YVETTE SANDERS,

      Plaintiff,

v.

UNITED STATES CORPORATION, IN ITS OFFICIAL CAPACITY AS THE PRINCIPLE EXECUTIVE TRUSTEE AND AGENT;  DEPARTMENT OF TREASURY, OPERATING IN THEIR OFFICIAL CAPACITY AS THE NATION'S PRINCIPAL FISCAL AGENT;  UNITED STATES DEPARTMENT OF JUSTICE, OPERATING IN THEIR OFFICIAL CAPACITIES AS PRINCIPAL JUDICIAL MUNICIPAL AGENT; STATE OF FLORIDA CORPORATION, OPERATING IN THE OFFICIAL CAPACITY AS A STATE TRUSTEE; AND  STATE OF TEXAS CORPORATION, OPERATING IN THE OFFICIAL CAPACITY AS A STATE TRUSTEE;

      Defendants,
_____/

Case No.: 5:26-cv-00012-JSS-PRL

## ORDER

The Plaintiff, Yolanda Yvette Sanders, who is proceeding pro se, filed this action against numerous defendants, including the United States, federal agencies, the State of Florida, and the State of Texas. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be

taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

### I.     Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

### II.    Discussion

This case was recently transferred to this Court from the District of Columbia. (Doc. 10). Upon review, Plaintiff's complaint consists of approximately ten pages of largely incomprehensible allegations. (Doc. 1). As best can be discerned from the allegations of the complaint, Plaintiff's claims represent a litany of grievances, including discrimination, alleged property seizure, tax and real estate disputes, criminal charges, and a repossessed vehicle. (Doc. 1). Plaintiff's complaint references her divine rights and rights to self-government, as well as a list of prior civil and criminal matters apparently litigated in state courts in Sumter County, Florida and Texas. (Doc. 1 at 13-14).

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff

is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Liberally read, the complaint fails to state a plausible claim against any of the defendants. Rather, the complaint appears to be a list of unspecified grievances for which the Plaintiff apparently seeks redress.

Further, at its core, this action also appears to be an improper collateral attack on state court judgments. Indeed, when this case was recently transferred to this District, the transferring court observed that Plaintiff's claims relate to the foreclosure of real property in Sumter County, Florida. (Doc. 10 at 1). As such, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Under 28 U.S.C. § 1257(a), federal review of state-court judgments may only occur in the United States Supreme Court. Thus, district courts lack jurisdiction to review final state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). The *Rooker–Feldman* doctrine "makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for her claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **February 20, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding pro se, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on January 16, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge